CURTIS AND INA BELL McLEMORE, APPELLANTS, *v.* WELFARE DIVISION OF THE DEPARTMENT OF HUMAN RESOURCES AND THE STATE WELFARE BOARD, RESPONDENTS.

No. 8235

June 30, 1976          551 P.2d 1101

*James G. McGuire* and *Richard E. Donaldson,* Clark County Legal Services, for Appellants.

*Robert List,* Attorney General, and *Marilyn Romanelli,* Deputy Attorney General, for Respondents.

**OPINION**

By the Court, THOMPSON, J.:

This appeal is from a summary judgment for the Welfare Division. That judgment affirmed a decision by the Welfare Division to terminate assistance for a dependent child living with his great-uncle. In sustaining termination of assistance the district court found that the dependent child was not living with a relative specified for eligibility by either statute, NRS 425.030(5)(a), or Welfare Division regulation 202.17. An issue of material fact does not exist. The propriety of the decision of the Welfare Division, and of the district court upon review thereof, tenders only questions of law.

The McLemores have been residents of Nevada since 1940. In 1958 they assumed the care of a newborn infant, Calvin Tellis. Curtis McLemore is the great-uncle of Calvin. The McLemores, senior citizens of limited means, have continuously cared for Calvin since 1958. On or about September 9, 1974, they received notice that assistance would terminate on September 30, 1974, for the reason that a great-uncle was not a "relative of a specified degree" within Section 202.17 of the Nevada State Welfare Division Manual. That regulation had been changed as of June 14, 1974, to delete great-uncles from the eligibility list. The McLemores' petition for court review later was filed [NRS 425.120] with the result heretofore mentioned.

1. Absent a clear indication that Congress meant coverage to be optional, a participating state may not deny aid to persons who come within the federal standard of eligibility. King v. Smith, 392 U.S. 309 (1968); Townsend v. Swank, 404 U.S. 282 (1971); Carleson v. Remillard, 406 U.S. 598 (1972).

Under the federal Social Security Act a dependent child is one who has been deprived of parental support or care for

specified reasons, and is living with a designated relative in that relative's home.[1] A great-uncle is not one of the relatives designated. However, the regulation promulgated by the Department of Health, Education and Welfare provides that a dependent child "may be" considered to meet the requirement of living with one of the relatives specified in the Social Security Act if his home is with a great-uncle.[2] Thus, if our state statute and regulation employed identical language, it is clear that the McLemores would be entitled to the aid which they here claim.

Our Nevada Aid to Dependent Children Act, NRS ch. 425, conforms to 42 U.S.C.A. § 606 in defining a dependent child. However, Nevada State Welfare Division Regulation 202.17 which was changed as of June 14, 1974, provides that a dependent child meets the eligibility requirement of living with a relative of specified degree if the relative is a (a) father, mother, sister, brother, grandfather, grandmother (b) stepfather, stepmother, stepbrother, stepsister (c) uncle, aunt, first cousin, nephew, niece.

It is the contention of the Welfare Division that coverage of a dependent child living with his great-uncle is optional with the state by reason of the words "may be" in 45 C.F.R. 233.90(c)(i)(v), and the aforementioned Supreme Court decisions in *King, Townsend,* and *Carleson,* and the more recent decision of Burns v. Alcala, 420 U.S. 575 (1975). Moreover, that the Welfare Division of this state opted against covering a dependent child living with his great-uncle when it promulgated Regulation 202.17 in its present form. The district court agreed with the Welfare Division. We do not, and turn to state why.

2. NRS 134.150 states: "The degrees of kindred shall be computed according to the rules of the civil law." As already

---

[1] 42 U.S.C.A. § 606: "When used in this part—(a) The term "dependent child" means a needy child (1) who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, and who is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, aunt, first cousin, nephew or niece, in a place of residence maintained by one or more of such relatives as his or their own home. . . ."

[2] 45 C.F.R. 233.90(c)(i)(v): ". . . A child may be considered to meet the requirement of living with one of the relatives specified in the Act if his home is with a parent or a person in one of the following groups: (1) Any blood relative, including those of half-blood, and including first cousins, nephews or nieces, and persons of preceding generations as denoted by prefixes of grand, great, or great-great."

noted, the federal act defines a dependent child as one who is living with, among other relatives, his first cousin. Nevada's Aid to Dependent Children Act is identical in this respect. NRS 425.030(5)(a). It is established law that a participating state must provide benefits to all persons eligible under federal standards. King v. Smith, supra; Townsend v. Swank, supra; Carleson v. Remillard, supra. It also is true that under the rules of the civil law a first cousin and a great-uncle each is within the fourth degree of kinship. Nolan's Universal Chart Showing Relationships and Degrees of Kinship According to Civil, Cannon and Common Laws, seventh printing, 1965.

It is clear to us that the purpose of the federal act, and of our conforming state statute, is to provide assistance to dependent children who are living with relatives within a specified degree of kinship. Otherwise, serious equal protection problems might arise if the said acts were applied to include some relatives within a specified degree of kinship and to exclude others within the same degree.

With the above in mind, the conclusion is compelled that the State is obliged to render aid to a dependent child living in a place of residence maintained by his great-uncle. We so construe 42 U.S.C.A. § 606 and our own NRS 425.030 (5)(a).

Burns v. Alcala, 420 U.S. 575 (1974), so heavily relied upon by the respondents and the court below, in denying relief to the claimants, is not apposite to the precise issue we have tendered in this case. In *Burns,* the court, as a matter of statutory construction, held that the Social Security Act would not support a conclusion that the legislative definition of "dependent child" includes unborn children, since Congress used the word "child" to refer to an individual already born with an existence separate from its mother. Here, we are not concerned with that problem. Rather, our concern is whether, as a matter of statutory construction, we may conclude that Congress and the Nevada Legislature intended assistance for a dependent child living with a kindred within the fourth degree. We have concluded that such was the intention since aid is expressly mandated for a dependent child living in the residence of his first cousin.

The judgment below is reversed, and this case is remanded with direction to enter judgment for appellants for all aid to

which they have been entitled under The Nevada Aid to Dependent Children Act.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.